In re Gilberto L. SOTO, Mary Ellen Soto, Debtors.

Gilberto L. Soto, Plaintiff,

v.

James Lanoue, Defendant.

Bankruptcy No. 02–11795–MWV.

Adversary No. 02–1141–MWV.

United States Bankruptcy Court, D. New Hampshire.

Nov. 24, 2003.

Raymond J. DiLucci, Raymond J. Di-Lucci, P.A., Concord, NH, for Debt-or/Plaintiff.

Leonard G. Deming II, Deming Law Office, Nashua, NH, for Defendant.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the complaint of Gilberto L. Soto ("Plaintiff"), in which he seeks an award of damages and attorney's fees on the grounds that James Lanoue ("Defendant") committed a willful violation of the automatic stay pursuant to 11 U.S.C. § 362(h). The Court held a half day trial on November 6, 2003 and took this matter under submission. For the reasons set out below, the Court finds that the Defendant violated the automatic stay but denies any recovery for the Plaintiff.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The Plaintiff and the Defendant are related by marriage, as the Plaintiff is married to the Defendant's sister. In July 2001, the parties entered into an agreement whereby the Plaintiff rented the Defendant's 2001 Trailstar Aluminum Dump Trailer ("Trailer") for $1,000.00 per month. The Plaintiff made the first rental payment in August 2001 and continued to make payments until January 2002. After the January payment, the Plaintiff did not make another payment with the exception of a payment in April 2002. Thereafter, the Defendant attempted to regain possession of the Trailer several times, but the Plaintiff refused to return the Trailer.

On June 7, 2002, the Plaintiff and his wife filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code with this Court. The Defendant was not listed as a creditor on the original schedules, but the schedules were amended on June 17, 2002, adding the Defendant to the creditor list. The Defendant was served the Amendment to Schedules and Notice to Added Creditors. However, the original Notice of § 341 Meeting of Creditors was not sent to the Defendant by the Plaintiff as required by LBR 1009–1(b).

Subsequent to the bankruptcy filing, the Plaintiff made three post-petition payments and kept possession of the Trailer. On September 20, 2002, the Defendant went to the Litchfield Police Department and met with Lieutenant James R. Gaudet

with regard to the Trailer (Pl.'s Ex. 24). After consulting with the Hillsborough County Attorney's office, Lieutenant Gaudet recovered the Trailer from the Plaintiff.

The Plaintiff asserts that he lost substantial sums of money as a result of the return of the Trailer to the Defendant because he had no trailer with which to haul gravel. The Plaintiff argues that the Defendant with knowledge of Plaintiff's bankruptcy, went to the Litchfield Police Department to circumvent the automatic stay. Accordingly, the Plaintiff asks the Court to find that the Defendant willfully violated the automatic stay and that the Plaintiff is entitled to damages and attorney's fees.

### DISCUSSION

■ Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay. This provision has been described "as one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). The stay provides breathing space for the debtor while at the same time protecting creditors from one another. *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir.1997).

■ Where an individual debtor is damaged by a willful violation of the stay, section 362(h) provides for a recovery of damages, costs and attorney's fees. In an appropriate case, the individual may also recover punitive damages. *See* 11 U.S.C. § 362(h). Parties moving for sanctions for willful violation of the automatic stay have the burden of proof with regard to showing that there was a stay violation, that violation was willful, that the willful violation caused movants to suffer harm and incur damages, and to show what relief is

appropriate. *In re Dunn*, 202 B.R. 530 (Bankr.D.N.H.1996).

■ The Bankruptcy Code's automatic stay provision prohibits "any act to obtain possession of property of the estate or property from the estate..." 11 U.S.C. § 362(a)(3). The Defendant's action in going to the police department fit well within the definitions of those acts precluded by section 362(a)(3). The Plaintiff and his counsel were informed by the Lieutenant that the Plaintiff would be arrested for criminal charges of unauthorized taking of rental property if he did not return the Trailer to the Defendant.

Concerning the consequences of criminal prosecution, the Plaintiff, out on bail for another but unrelated criminal charge, returned the Trailer to the Defendant. The Defendant testified that he never wanted a criminal prosecution against the Plaintiff because of their family relationship. Thus, there is no question that all the Defendant tried to accomplish by going to the Litchfield Police Department was to obtain possession of property from the Debtor. This use of the criminal statute where the primary purpose is collection of debt violates the automatic stay. *See In re Corporacion de Servicios Medicos Hospitalarios de Fajardo*, 805 F.2d 440 (1st Cir.1986).

■ Having concluded that the action of the Defendant violated the automatic stay under section 362(a)(3), the Court must now determine whether the action was "willful." The First Circuit recently interpreted the meaning of "willful," noting that "the standard for a willful violation of the automatic stay under section 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." *Fleet Mortgage Group, Inc. v. Kaneb (In re Kaneb)*, 196 F.3d 265, 269 (1st Cir.1999).

■ The Court finds that the Defendant did not have notice of the stay when he went to the police department. The Plaintiff amended his schedules to add the Defendant as a creditor and listed a debt owed to the Defendant in the amount of $5,000.00. However, the Trailer was not listed as an asset, nor was any executory contract with the Defendant listed in the schedules. The Defendant was not served with a Notice of § 341 Meeting of Creditors, which contained all the relevant information for creditors about the automatic stay. The Notice of Amendment of Schedules and the Notice to Added Creditor served on the Defendant did not have information about the automatic stay. The debtor has the burden of providing the creditor with actual notice *Id.*, but the Plaintiff failed to demonstrate the Defendant's actual knowledge of the existence of the automatic stay. Accordingly, the Court rules that the Defendant's action was not willful within the meaning of section 362(h).

### CONCLUSION

The Court concludes, based upon the testimony and documentary evidence presented, that the Defendant did not commit a willful violation of the automatic stay. Although the Plaintiff demonstrates an action taken in violation of the stay, the Plaintiff failed to prove that the action was willful. Accordingly, the Plaintiff's request for an award of damages and attorney's fees is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.